IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEQUALIN COOPER, #2402434, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00771-SDJ-CAN |
| v. | § | |
| | § | |
| RUSK COUNTY JAIL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On September 8, 2022, *pro se* Plaintiff Dequalin Cooper ("Plaintiff") filed his Complaint in the Eastern District of Texas [Dkt. 1]. On September 9, 2022, the Court ordered Plaintiff to either pay the requisite filing fee or submit an application to proceed *in forma pauperis* [Dkt. 3]. On September 23, 2022, Plaintiff filed an Application to Proceed *In Forma Pauperis* [Dkt. 6]. Plaintiff's Application was deficient; he failed to attach to his Application a certified copy of his inmate trust account during the last six months. On September 26, 200, the Court entered a Deficiency Order and directed Plaintiff to provide a copy of his inmate trust account within twenty-one days [Dkt. 8]. Plaintiff failed to provide the requested information, and, out of an abundance of caution, the Court provided Plaintiff an additional opportunity to provide his inmate trust account [Dkt. 9]. The Court warned Plaintiff that "failure to comply with this Order will result in a recommendation for dismissal of this case for failure to prosecute or to comply with Court orders under Rule 41" [Dkt. 9]. On November 9, 2022, Plaintiff acknowledged receipt of the Court's request for his inmate trust account; however, to date, he has failed to provide a copy [Dkt. 10]. It is Plaintiff's responsibility to pay the required filing fee or submit a complete application for the Court to consider.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's Orders requiring payment of the initial partial filing fee or submission of a completed application to proceed *in forma pauperis* [Dkts. 3; 8; 9]. Thus, the present case should be dismissed. *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).[1]

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to comply with the Court's order requiring payment of the initial partial filing fee, a provision of a

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that *pro se* Plaintiff Dequalin Cooper's complaint be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of December, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

complete application to proceed *in forma pauperis*, and has not filed any other request for relief since the most recent Order. Plaintiff has failed to act. However, Plaintiff's intentions and actions do not threaten the judicial process, and dismissal with prejudice is inappropriate.